ÆTNA LIFE INS. CO., OF HARTFORD, CONN., v. OUTLAW.

(Circuit Court of Appeals, Fourth Circuit. February 14, 1912.)

No. 1,056.

INSURANCE (§ 669*)—LIFE POLICIES—STATEMENTS BY INSURED—EFFECT.
　　In an action on a life policy, which provided that statements by insured should be deemed representations, and not warranties, in the absence of fraud, it was not error to instruct that, in the absence of fraud, no false statement as to an immaterial matter, or not constituting an inducement of the contract, would be a defense, and that representations through mistake would not avoid the policy, unless made with a fraudulent purpose; insurer not being entitled to an instruction that a misstatement or misrepresentation in a material matter would avoid the policy, although such misstatement may have been honestly made.
　　[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1771–1784; Dec. Dig. § 669.*]
　　McDowell, District Judge, dissenting.

In Error to the Circuit Court of the United States for the District of South Carolina, at Florence.

Action by Benjamin Lucas Outlaw against the Ætna Life Insurance Company, of Hartford, Conn. Judgment for plaintiff, and defendant brings error. Affirmed.

W. G. Belser (Melton & Belser, on the brief), for plaintiff in error.
Robert Macfarlan and P. A. Willcox (Macfarlan & Thornwell and Willcox & Willcox, on the brief), for defendant in error.

Before PRITCHARD, Circuit Judge, and McDOWELL and SMITH, District Judges.

SMITH, District Judge. This is a suit upon an insurance policy upon the life of Daniel Angus Outlaw, which was assigned to the defendant in error. The policy was for $5,000, dated July 8, 1908, and was assigned to the defendant in error on the 13th of July, 1908. The insured, Daniel Angus Outlaw, died December 1, 1908, and suit was

thereupon brought by his assignee in the court of common pleas for the county of Darlington for the state of South Carolina to recover the amount of the policy, which action was removed to the Circuit Court of the United States for the District of South Carolina. The policy of insurance contained a provision as follows:

"All statements made by the insured shall, in the absence of fraud, be deemed representations, and not warranties, and no such statement shall avoid the policy or be used in defense to a claim under it, unless it is contained in the written application for this policy and copied hereon."

The defense of the Ætna Life Insurance Company to the policy is based upon certain alleged misstatements, viz., that the defendant stated that he was in his 58th year, whereas he was in fact more than 60 years of age; that he stated that he had made one application, which had been rejected by the Mutual Benefit Society, whereas he had also made another application, which had been rejected by another company; that he had made a statement that he had not within the last seven years had any disease or severe sickness, whereas he had within seven years suffered from disease or severe sickness; that he stated that he had never been intemperate in the use of either malt or spirituous liquors, whereas he had been so intemperate. Evidence on these controverted allegations was offered by both sides, and the case went to the jury, which found a verdict for the defendant in error.

Under the assignments of error the question in this court turns upon the trial judge's charge with regard to the effect of the statements of the insured. The trial judge charged:

"That under the terms of the policy upon which this suit is based, all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties; therefore, in the absence of fraud, no false statement in reference to an immaterial matter, and no false statement which did not induce the company to enter into the contract, and in which the insured participated with a fraudulent intent, can be relied upon by the insurer as a defense."

And again:

"That representations which may be the result of mistake or otherwise on the part of the applicant, even if proved to be mistakes or misrepresentations, unless made with a fraudulent purpose, would not avoid the policy."

The contention of the plaintiff in error is that the trial judge should have charged the jury explicitly that a misstatement or misrepresentation in a material matter would avoid the policy, although such misstatement may have been honestly made in a sincere belief that it was correct, and without any fraudulent intent. The correctness of the charge as made depends upon what is the true definition of a representation under the terms of the policy, and what is the difference between a warranty and a representation. The distinction between a warranty and a representation in an application for an insurance policy has by a number of decisions been stated to be that, if the statements are warranted, they must be true in every particular, whether material or immaterial; whereas, if the statements are representations, incorrectness in an immaterial matter will not avoid the policy, although,

if incorrect in a material matter, the policy will be avoided. Under these decisions, if the misstatement be a material one, the policy would be avoided, whether the statement was a warranty or a representation, and the honesty, good faith, and sincerity of the applicant would not affect the question. Those circumstances would be considered only if the statement was a representation and immaterial. The fraud or fraudulent intent of the applicant would in either case be for consideration only in the case of a representation on an immaterial point.

This distinction is not a satisfactory one logically, especially where, as in the present case, the clause in the policy itself makes fraud a distinguishing element. It says:

"All statements made by the insured shall, in the absence of fraud, be deemed representations, and not warranties."

If the misstatements were material, under the construction claimed by the plaintiff in error, the policy would be avoided, and in such case the only effect of the use of the word "fraud" in this clause would be to avoid the policy in case of fraud for immaterial statements, notwithstanding that, without this clause, under the general rule of law, fraud could be relied on as a defense. Such construction would seem to deprive the clause of effect.

It was decided by the Circuit Court of Appeals of the Eighth Circuit, in the case of Rice v. Fidelity & Deposit Company of Maryland, 103 Fed. 427, 43 C. C. A. 270, that:

"In insurance a representation is a statement by the applicant to the insurer regarding a fact material to the proposed insurance; and it must be not only false, but fraudulent, to defeat the policy. A warranty, in the law of insurance, is a binding agreement that the facts stated by the applicant are true. It is a part of the contract, a condition precedent to a recovery upon it, and its falsity in any particular is fatal to an action upon the policy."

Accepting this as the definition of a representation, it follows that, in order for a representation, under the terms of this policy, to serve as a defense, it must have been knowingly false, and therefore fraudulent. Unless so knowingly false and fraudulent, it could not be availed of by the insurance company as a defense. Tested by this principle, or giving the clause in the policy its due effect, the charge of the trial judge was not erroneous under the case presented, and the judgment below must be accordingly affirmed.

Affirmed.

McDOWELL, District Judge, dissents